## CITY OF PHILADELPHIA v. ALDRICH.

(Circuit Court, E. D. Pennsylvania. December 15, 1899.)

### No. 44.

BANKS—CHECKS AND DRAFTS COLLECTED AFTER INSOLVENCY—RIGHT TO PROCEEDS.

A national bank, on the morning on which it was closed by the comptroller, presented to the clearing-house association a large amount in checks and drafts upon other banks, a number of which had been deposited by a city and by another bank. The manager of the association received the proceeds of all such checks and drafts, and paid therefrom debts of the bank, leaving a balance to the credit of the bank. *Held*, that the payments must be presumed to have been made with the money of the bank, and that the remainder included that belonging to the city and the other depositing bank, and constituted a trust fund in the hands of the receiver, representing the checks and drafts the title to which remained in the depositors.

This was a proceeding to recover a fund in the hands of defendant as receiver of the Keystone National Bank.

J. W. Catharine, for city of Philadelphia.
Wm. B. Gill and Read & Pettit, for receiver.
Richard C. Dale, for Second Nat. Bank.

DALLAS, J. The subject-matter of this controversy is a fund of $21,273.55, now in the registry of this court, which is claimed by the receiver of the Keystone National Bank, and also by the city of Philadelphia, and, in part, by the Second National Bank of the City of New York. The last-mentioned bank is not a party to this suit, but it has been agreed that its right to any portion of the fund in court shall be presently adjudicated in this cause. An agreed statement of facts has been "submitted to the court with like effect

as though duly found by a master." From this statement, which is too long for insertion here, I deduce the following findings and conclusions:

1. No claim, other than those presently to be adjudicated, has been made against the receiver to recover any portion of the funds included in the sum of $70,005.46, referred to in the next following paragraph, except by Crane, Parris & Co., and for the full amount of their claim they have obtained a judgment against a solvent defendant, which asserts no right to reimbursement out of this fund.

2. On the morning of March 20, 1891, the Keystone National Bank made up and presented for exchange to the Clearing-House Association of Philadelphia, at the morning exchange of that day, packages of checks and drafts upon other banks, and deposited with it by its depositors, or sent it for collection, amounting in the aggregate to $70,005.46. There were included in this aggregate amount checks taken from funds belonging to the city of Philadelphia, amounting to $19,190.77, and checks belonging to the Second National Bank of the City of New York, amounting to $2,655.92. The title of the city of Philadelphia to the said checks for $19,190.77 was not divested, and the title to the said checks for $2,655.92 remained in the Second National Bank of the City of New York. City of Philadelphia v. Eckels (C. C.) 98 Fed. 485.

3. The checks sent by the Keystone National Bank to the clearing-house association, including those belonging to the city of Philadelphia and to the Second National Bank of the City of New York, were surrendered by the manager of the said association, and he received the proceeds in full, viz. $70,005.46. Thus a fund was constituted, to a portion of which it is manifest the city of Philadelphia and the New York bank were, respectively, entitled. Their component parts of it were not, it is true, earmarked, or in any manner segregated, but the exact amount which the checks of each had contributed to its creation was fixed, and the entire fund was in the manager's hands. Of that fund $19,190.77 belonged to the city of Philadelphia, and $2,655.92 belonged to the Second National Bank of the City of New York.

4. Out of the fund of $70,005.46 referred to in the last preceding paragraph, the manager of the clearing house paid debts of the Keystone Bank, amounting in the aggregate to $41,197.36. These payments must be presumed to have been made, not with the money of others, but with that of the Keystone Bank itself, and consequently the balance of $28,808.10, which then remained in the fund, must be regarded as being inclusive of the money of the city of Philadelphia and of the Second National Bank.

5. After a somewhat protracted litigation, which need not be more particularly referred to, the clearing-house association admitted that it was not entitled to retain the last-mentioned $28,808.10, but claimed to set off against said sum and interest thereon the amount of certain dividends due upon notes which it held against the Keystone Bank. The receiver agreed to this, and the result of the arrangement was that the debt due by the clearing house was adjusted as being on April 28, 1898, $21,273.55, and thereupon that sum was

paid into court, and constitutes the fund now in question. I am of opinion that, as respects this fund, the rights of the city of Philadelphia and of the Second National Bank of the City of New York, respectively, are precisely the same as they were with respect to the sum of $28,808.10, of which it is a part.

The fund in court is insufficient to satisfy the principal of the two claims made upon it, and, consequently, as the scope of this suit has, by agreement, been so restricted as to involve only the disposition of that fund, the question which has been discussed, as to whether the respective claims are entitled to a proportionate part of the interest charged to and allowed by the clearing-house association upon the original balance of $28,808.10, need not be decided. Let a decree be prepared awarding the fund in court to the city of Philadelphia and to the Second National Bank of the City of New York, severally, in proportion to the amounts of their respective claims.